[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14473
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2012
JOHN LEY
CLERK

D. C. Docket No. 5:08-cv-00011-WTM-JEG


MELVIN JAMES JACKSON,

                                                      Plaintiff-Appellant,

        versus

WARDEN DON JACKSON,
DOCTOR CHARLES HARDEN,
JUDY L. EDGY, P.A.,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 31, 2012)


Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.


PER CURIAM:

Melvin James Jackson, a Georgia prisoner proceeding pro se, appeals the dismissal of his civil rights action, 42 U.S.C. § 1983. The district court granted summary judgment in favor of Defendants Warden Donald Jackson, Dr. Charles Harden, and Nurse Judy Edgy, all of whom were prison employees. No reversible error has been shown; we affirm.

In his section 1983 complaint, Jackson alleged that he received inadequate medical care for his hernia in violation of the Eighth Amendment. He claimed that Defendants delayed necessary surgery on his hernia and that absent surgery, he was at risk for internal bleeding, intestinal obstruction, gangrene, and death.[*] The district court, adopting the magistrate judge's report and recommendation, granted summary judgment to Defendants because Jackson failed to demonstrate that he had a serious medical need or that Defendants were deliberately indifferent to that serious medical need.

On appeal, Jackson argues that he should have received hernia surgery earlier than he did. We review de novo a district court's grant of summary judgment and apply "the same legal standards applied by the district court."

---

[*]The district court initially dismissed Jackson's complaint pursuant to 28 U.S.C. § 1915(g), concluding that he was ineligible to proceed in forma pauperis. We vacated on appeal, determining that Jackson met an exception to section 1915(g)'s three-strikes rule because -- accepting his allegations as true -- he faced an imminent danger of serious physical injury when he filed suit. On remand, the district court permitted Jackson to proceed with his complaint.

Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004). In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

To show deliberate indifference to a serious medical need, a plaintiff must demonstrate three components: (1) the defendant's subjective knowledge of the risk of serious harm; (2) the defendant's disregard of that risk; and (3) that the defendant's conduct rose to more than mere negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). A medical need may be considered serious if a delay in treating it makes it worse. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2010). For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

We conclude that the district court properly granted summary judgment to Defendants. Evidence showed that Jackson received treatment for his hernia symptoms, including receiving pain medication and a hernia truss. That Jackson failed to comply with his prescribed course of treatment by not wearing the truss is also evident. Dr. Harden met with Jackson at least three times and determined that Jackson's hernia was non-strangulated and posed no risk. Because it is common

3

medical practice to postpone surgery until a hernia becomes strangulated, Dr. Harden considered Jackson's surgery elective and submitted a request for elective surgery to the prison's Utilization Committee. Jackson's request was approved, and he received hernia surgery about six months after his initial complaint to prison staff. When his surgery was performed, Jackson's hernia remained non-strangulated.

The care Jackson received was adequate and certainly not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." See Harris, 941 F.2d at 1505. The delay in receiving surgery was because the hernia remained treatable without surgery and posed no risk to Jackson's health. Moreover, the delay did not worsen Jackson's condition. See Mann, 588 F.3d at 1307. That Jackson felt he should have had surgery earlier than he did is insufficient to support a deliberate indifference claim. See Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); Harris, 941 F.2d at 1505 (explaining that a difference in medical opinion between the prison's medical staff

4

and the inmate about the inmate's course of treatment will not support a claim of cruel and unusual punishment).

Construing the facts in the light most favorable to Jackson, the record does not demonstrate that Defendants' conduct amounted to a constitutional violation. The district court correctly granted summary judgment to Defendants.

AFFIRMED.